GEORGE W. CLEVELAND *v.* TOWN OF WASHINGTON.

January Term, 1907.

Present:  ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed January 28, 1907.

*Towns—Bridges—Insufficiency — Personal Injuries—Notice to Selectmen—Construction—"Culvert or Bridge"— Trial by Jury—Neither Party Desiring to go to Jury— Effect—Contributory Negligence—Charge—V. S. 3490.*

In V. S. 3490, which gives an action against a town for damage caused by reason of the insufficiency of any "bridge or culvert," the word "or" does not co-ordinate "bridge" and "culvert" and make each term connote the same, but connects two words denoting distinct objects of the same class.

Where neither party desires to go to the jury upon an issue of fact made by conflicting evidence in the course of a trial by jury, that issue is thereby submitted to the court, and its holding thereon is conclusive.

In an action against a town for injury caused by reason of the alleged insufficiency of a bridge, plaintiff's notice to the selectmen designated the bridge as the *first* bridge beyond a certain residence, and it

appeared that the bridge on which the injury was received was of 15 feet span, 17 feet long, and covered with plank; that between it and said residence were two wooden culverts of less than 18 inches span, about 3 feet long, and covered with plank. Though each side gave evidence as to the material, size, and structure of the culverts, and as to the amount of water that flowed through them, there was not much conflict in that evidence, except as to the amount of water. *Held*, that it was a question of fact whether the bridge in question was the "first bridge" beyond said residence, as stated in the notice, or the "third bridge," as claimed by defendant; and that, as neither party desired to go to the jury on that issue, the holding of the court that the notice correctly designated the bridge as the "first bridge" beyond said residence was conclusive.

A traveller has a right to act upon the assumption that the town has done its duty to maintain its highway bridges in good and sufficient repair.

In an action against a town for injury caused by reason of the alleged insufficiency of a highway bridge, evidence considered, and *held* that plaintiff was not, as matter of law, guilty of contributory negligence.

In an action against a town for injury to plaintiff by being thrown from his wagon in consequence of his horse breaking through an alleged insufficient plank in a bridge, defendant did not claim that plaintiff's negligence contributed to the breaking of the plank, but only to his being thrown from his wagon. The court in its instructions to the jury referred to the breaking of the plank as an "accident," without alluding to contributory negligence, but added, "Now further than that, consider the question whether the plaintiff was in the exercise of due care, that is, whether his failure to exercise due care, if you find that he did fail, contributed to the accident, the accident that resulted in his injury." *Held*, that the court sufficiently charged that, if plaintiff's negligence contributed to the happening of the particular injuries he received, he could not recover.

CASE for negligence. Plea, the general issue. Trial by jury at the June Term, 1905, Orange County, *Powers*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion fully states the case.

*R. M. Harvey,* and *Hale K. Darling* for the defendant.

Unless the word "bridge" is clearly limited by statute, it means "any structure by which a highway is carried over a place." 5 Cyc. 1052, Note 1; *Whitall* v. *Freeholders,* 40 N. J. L. 302; *State* v. *Gorham,* 37 Me. 451; Shear. & Redf., Neg. (5th ed.) 390.

The notice must be so certain that an officer of the town, with the aid of the notice, could readily identify the place where the injury occurred. *Holcomb* v. *Danby,* 51 Vt. 428; *Law* v. *Fairfield,* 46 Vt. 425; *Reed* v. *Calais,* 48 Vt. 7; *Bean* v. *Concord,* 48 Vt. 30.

A verdict should have been ordered for defendant. Plaintiff had no right to surrender control over his horse, in blind reliance on the presumption that the town had done its duty. *Carter* v. *C. V. R. R.,* 72 Vt. 190; *R. R.* v. *Houston,* 95 U. S. 697; Wharton, Neg. §384.

*John W. Gordon,* and *George L. Stow* for the plaintiff.

Plaintiff's notice to the selectmen was sufficient; and its construction was wholly for the court. *Gove* v. *Downs,* 59 Vt. 139; *Rowell* v. *Fuller,* 59 Vt. 688; *Currier* v. *Robinson's Est.* 61 Vt. 196; *Wason* v. *Rowe,* 16 Vt. 525; *Mixer* v. *Williams,* 17 Vt. 457; *Collamer* v. *Langdon,* 29 Vt. 32; *Driggs* v. *Burton,* 44 Vt. 124; *Chase* v. *Martin,* 6 N. E. Rep. 837; *Barton* v. *Montpelier,* 30 Vt. 650; *Lawton* v. *Weathersfield,* 74 Vt. 41; *Ranney* v. *Sheffield,* 49 Vt. 191.

ROWELL, C. J. This is case for injury on a bridge. The notice designates the place of injury as "on the first bridge in the highway beyond the residence of C. J. Kingsbury" as you go westerly toward Gilbert O. Smith's place. It appeared

that there were two small wooden culverts of less than eighteen inches span, covered with plank, between Kingsbury's and the bridge on which the injury was received. The planking of the first culvert beyond Kingsbury's was not over three feet wide, and that of the second culvert averaged about three and a half feet wide. The bridge in question was also of wood, and covered with plank. Its span was fifteen feet, and its length, seventeen feet. The defendant objected that the notice was insufficient, for that said bridge was not the *first* bridge beyond Kingsbury's, but the *third* bridge. Both sides gave evidence as to the material, size, and structure of these culverts, and as to the amount of water that passed through them. There was not much conflict in this evidence, except as to the amount of water. The court announced that it thought the notice legally sufficient, but offered to submit the question with instructions, whether there was any bridge between Kingsbury's and the one on which the accident happened, if the plaintiff desired. As neither party expressed a desire to go to the jury on the question, the court understood that both claimed it to be a question of law, and thereupon held the notice legally sufficient. This ended the question, if it involved an element of fact. This comes within the principle of *Mascott* v. *Ins. Co.* 69 Vt. 124, 37 Atl. 255. But the defendant says it did not, but was purely a question of law, for that the words "bridge" and "culvert," as used in the statute, mean the same thing, and cannot be differentiated by testimony nor construction; and that the court should have so ruled, and held the notice insufficient. But we do not think so. The statute gives an action for damages caused by reason of the insufficiency of "any bridge or culvert" that the town is liable to keep in repair. Now the word *or* may be used to join as

alternatives, terms expressing different things, as well as to join different terms expressing the same thing; and it is considered that the former is its use here, so that it does not coordinate "bridge" and "culvert," and make each in turn the equivalent of the other, but specializes one to one meaning and the other to another meaning, thus making the statute mean as though it read, "either a bridge or a culvert," in which case we should clearly have two things, though of the same class.

This construction is supported by the history of legislation on this subject. Down to 1839 the words of the statute were, "any highway or public bridge." In the Revision of 1839 the words were, "any highway or bridge." These words were retained till 1880, when No. 26 of the Acts of that year repealed·the provisions then existing relating to the liability of towns for damage on highways and bridges, except as to bridges of not less than eight feet span, and gave an action for damages on such bridges only. This provision became sec. 3111 of the General Statutes of that year. But that section was amended by No. 13 of the Acts of 1882, by giving an action for damages on "any bridge, culvert, or sluice"; and said section, as thus amended, was again amended in 1884 by declaring that the word "sluice," as therein used, should not be construed to include or mean gutters and streams not designed to be closed or covered. The word "sluice" was left out of the revision of 1894, because the revisers thought, as they said in their report to the Legislature, that the word "culvert" covered all cases, and that the word "sluice," as qualified by the act of 1884, added nothing to the meaning of the section.

The statute under which the revisers were appointed, authorized them to "reject superfluous words"; and when they

were considering the phrase, "any bridge, culvert, or sluice," to see if it contained any such words, it is fair to suppose that if they thought the word "bridge" covered all cases, and that the word "culvert" added nothing to the meaning, they would have left that out also. And moreover, this report served to call the attention of the Legislature to this phrase, and yet the word "culvert" was retained. And it is retained in the revision of 1906, although those revisers had the same authority of rejection. From all which it would seem clear enough that the construction we adopt is the correct construction, and it is matter of common knowledge that it agrees with the popular understanding.

It appeared from the plaintiff's own testimony that his horse was trotting as it went onto the bridge; that six or eight rods above the bridge, he crossed his legs, put the reins between them, and with both hands was preparing to light his pipe, and did not look at the bridge as he approached it, to see whether there was a hole in it or not. It appeared that there was no hole in it then, but that the horse broke through a rotten plank, and was thrown, and that the plaintiff was thrown out over the near forward wheel onto the bridge and hurt. The plaintiff testified that he told the selectmen that if he had had hold of the reins and both feet on the bottom of the wagon, he should have been thrown over the dasher onto the horse. The defendant moved for a verdict, for that the plaintiff's own evidence showed that he was guilty of contributory negligence. But the motion was properly overruled, for the law did not impute contributory negligence to him in the circumstances, especially as he had a right to presume that the town had done its duty.

The defendant excepted to the failure of the court to charge that if the plaintiff's negligence contributed to the

happening of the particular injuries he received, he could not recover. But we think the court did so charge, and in a way that the jury was not misled. The defendant did not claim on trial that the plaintiff's negligence contributed to the breaking of the plank by the horse, but only to his being thrown out as he was. So the court put the question of breaking the plank to the jury, calling it an accident, without alluding to contributory negligence. Then the court went on to say: "Now, further than that, consider the question whether the plaintiff was in the exercise of due care, that is, whether his failure to exercise due care, if you find that he did fail, contributed to the accident—the accident that resulted in his injury." The exception, therefore, is not sustained.

*Judgment affirmed.*