EDNA E. TOWNSHEND *v.* GEORGE L. TOWNSHEND AND JENNIE

S. TOWNSHEND.

January Term, 1911.

Present:  ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed March 20, 1911.

*Harmless   Error—Admission   of   Evidence—Prejudicial   Effect—*
    *Necessity   of   Exception—Objections—Statement   of   Grounds*
    *—Necessity—Husband   and · Wife—Alienating   Affections—*
    *Damages.*

A judgment will not be reversed for the admission of immaterial and irrel-
    evant evidence unless the evidence is such that it·might have prejudiced
    the excepting party.
An exceptor will.be confined in this Court to the objection he stated below.
An objection without an exception reserves no question.
In an action for alienating the affections of plaintiff's husband, where de-
    fendants objected to the admission of evidence tending to show im-
    pairment of plaintiff's health that "in actions of this kind, damages
    to a person's health are not recoverable," the trial court had a right
    to suppose, and naturally would suppose, that defendants' general
    exception to the charge on that subject was based on the same objec-
    tion; and this Court will assume that the lower court so supposed,
    if that is necessary to sustain its judgment.
In order to assign error in admitting evidence, it must affirmatively appear
    that when the evidence was received it was not admissible· without
    an offer to introduce evidence that would make it admissible.
The general rule is that an objection to the admission of evidence must
    indicate the precise point that the court is asked to decide; but when
    it appears on the face of the question or offer that the evidence cannot
    be material or relevant in any state of the case, a general objection
    for immateriality or irrelevancy is sufficient.
In an action for alienating affections of plaintiff's husband, evidence that,
    when witness saw plaintiff at her mother's, plaintiff's hip was bruised
    and black and blue, and that plaintiff told how she received the injury,
    was wholly immaterial and irrelevant, in the absence of  evidence
    connecting defendants with the injury, and may have influenced the
    verdict for plaintiff.
Nor was  the error in admitting that evidence rendered harmless by the
    court's charge that  while there was evidence tending to show ill

treatment of plaintiff by her husband, that alone did not make defendants liable therefor, as it was necessary that they have had a controlling influence in that treatment in order to make them liable, since one is not responsible for another's acts with which he has nothing to do.

In an action for alienating the affections of plaintiff's husband, defendants need not have been present when injuries were inflicted on plaintiff by her husband in order to make defendants liable therefor as one of the elements of damage; for it is sufficient if they had a controlling influence in causing him to injure her.

In an action for alienating the affections of plaintiff's husband, it was error to allow plaintiff, as tending to show that her husband then had affection for her, to testify to conversations with him before they separated, but after the trouble complained of began, concerning defendants and their treatment of plaintiff, and that the husband said it was not right for defendants to do as they did, and wanted her to get along the best she could; since the conversations were had at a time that raised a suspicion of collusion, and defendants were not present thereat nor connected therewith.

The error, if any, in excluding certain evidence offered by defendants was harmless to them, where plaintiff in her subsequent cross-examination admitted all that was recited in the excluded offer.

CASE for alienating the affections of plaintiff's husband. Plea, the general issue. Trial by jury at the April Term, 1910, Windham County, *Miles*, J., presiding. Verdict and judgment for the plaintiff. The defendants excepted.

The defendants are father and mother of plaintiff's husband. Plaintiff claimed that she was forced to leave her home and husband because of his cruel treatment of her induced by defendants, who had alienated her husband's affections. The deponent Lamphear testified that she resided in Boston; that defendant Jennie Townshend is the wife of deponent's husband; that she met plaintiff "two years ago for the first time, and last fall when she came with the sheriff". Thereupon she testified as follows, subject to defendant's exception and the objection as "immaterial and irrelevant": "Q. When did she come there with the sheriff to your home? A. I think it was in November, 1909."

The record states that defendants took a general exception to the following section of the court's charge: "And you have a right to give to her such damages as she may have sustained, if any, in consequence of the injury to her health, if any, occa-

sioned by the acts of these defendants in the alienation of the affections of her husband."

*Haskins & Schwenk* and *R. C. Bacon* for the defendants.

It was error to allow plaintiff's witness to testify to seeing plaintiff's bruised hip at her mother's, and that plaintiff told witness how she received the injury, there being no evidence to connect plaintiff's husband or either of the defendants with the injury. This evidence was clearly self serving, and must have been prejudicial to defendants. *Worden* v. *Powers*, 37 Vt. 619; *State* v. *Raymo*, 76 Vt. 430; *Ellis* v. *Cleveland*, 55 Vt. 358; *Holbrook* v. *Murray*, 20 Vt. 525.

*Herbert G. Barber* and *Frank E. Barber* for the plaintiff.

ROWELL, C. J.   To the admission of one of the questions put to the deponent Lamphear the defendants objected that it was immaterial and irrelevant. But immateriality and irrelevancy alone do not vitiate. In order to do that, the testimony must be such that it might have prejudiced the excepting party in the decision of an issue in the case, and the answer elicited by the question was not of that character. *Boutelle* v. *West Chester Fire Insurance Co.*, 51 Vt. 4, 31 Am. Rep. 666.

The same may be said of the answers elicited by the two questions objected to in Perkins's deposition, though no ground of objection was stated.

Another question and answer in Lamphear's deposition were objected to, but their admission was not excepted to, so the objection cannot be considered.

To the admission of the parts of divers depositions offered by the plaintiff, tending to show impairment of her health, attributed by her to the wrongful act of the defendants complained of, the defendants objected that "in actions of this kind, damages to a person's health are not recoverable", and excepted. This objection is not made now, but instead, it is objected that such damages are special, and not recoverable unless specially declared for, which they are not here. But this change

cannot be made in this Court, for when  specific objections are made below, the excepting party is confined to them here. *Massucco* v. *Tomassi*, 80 Vt. 186, 192, 67 Atl. 551.

In this connection' the defendants argue their exception to the charge that the plaintiff could not recover for injury to her health, if any, by reason of the wrongful act of the de-, fendants.  But as no ground was stated for this exception, the court below had a right to suppose, and naturally would suppose, that the defendants had in mind the same objection to the charge that they made to the admission of the testimony on the subject of the charge, and we will presume that such was the case  if necessary to save the judgment, which we do not intimate.

A witness called by the plaintiff testified, subject to objection and exception, no ground of objection being stated nor required, that one time when she saw the plaintiff at her mother's, the plaintiff's hip was bruised and black and blue, and that the plaintiff told her how she received the injury.  The exceptions state that there  was no evidence in any way connecting either of the defendants nor the plaintiff's husband with the injury, nor any explaining how it was caused.  This shows affirmatively that there was no such evidence in the case at the time the testimony was received, and that none came in afterwards.  If, therefore, the admissibility of the testimony · depended upon connecting the defendants with the injury, it was not admissible without an offer to connect them, and there was none.  That the testimony was not admissible *per se* is clear.  And. it is not conceivable how it could be made admissible without connecting the defendants with it in some assignable way, which was not done.  Consequently, unless the want of specific ground for the objection is fatal to it, the testimony was not admissible, the rule being that to assign legal error in the admission of testimony it must affirmatively appear that when received it was not admissible without an offer to introduce evidence to make it so.  *Foster's Exrs.* v. *Dickerson*, 64 Vt. 233, 253, 24 Atl. 253; *Foot* v. *Woodworth*, 66 Vt. 216, 28 Atl. 1034.  As to want of specific objection, the general rule is that objections must be such as to indicate the precise point

that the court is asked to decide. But this rule has its exceptions, and one is, when the evidence offered cannot be material nor relevant in any state of the case, and that is apparent on the face of the question or the offer, a general objection for immateriality or irrelevancy is sufficiently specific. *Herrick* v. *Town of Holland*, 83 Vt. 502, 77 Atl. 6. Like unto this is the rule laid down in *Bartlett* v. *Cabot*, 54 Vt. 242. There the objection to the admission of a notice of injury on a highway was general. It was held that as the notice was fatally defective on its face and the defects apparent on inspection, the defendant's rights were fully saved by a general objection. To the same effect are *Sparf* v. *United States*, 156 U. S. 57, 39 L. ed. 343, 15 Sup. Ct. 273, and *People* v. *Beach*, 87 N. Y. 508. It must be held, therefore, that the admission of this testimony was error. But the plaintiff says that the error was rendered harmless by the charge, which was to the effect that there had been evidence tending to show ill treatment of the plaintiff by her husband, but that that alone did not make the defendants liable for it; that in order to make them liable they must be connected with it—must have had a controlling influence in producing it, and unless they were connected with it they were not responsible for it; that it was only for their own acts that they were to be found guilty, on the principle of law that one man is not to be responsible for the acts of another with which he had nothing to do. The plaintiff argues that the presumption is that the jury had distinctly in mind the testimony in the case, and that when they were expressly told that the defendants were liable only for their own acts, they must have disregarded this testimony, the presumption being that they tried each and every issue upon the evidence presented and its applicability as governed by the law and the instructions of the court. But the testimony was in the case, and the jury left to think, and undoubtedly did think—for they were not told otherwise—that it was properly there, and that they had a right to consider it for what they thought it worth on the question submitted to them as to whether the defendants were connected with the violence that other testimony tended to show the plaintiff's husband had inflicted upon her. Thus, virtually, the tendency of this testimony was left to the jury,

and it is impossible for us to say with the requisite degree of certainty, or indeed with any certainty, that it did not in some way influence the verdict to the prejudice of the defendants.

The plaintiff further says that as it appears that neither of the defendants was at the plaintiff's mother's home during the about two weeks she was there, the jury must have been satisfied that neither they nor the plaintiff's husband were responsible for the condition of her hip. But this does not follow, for the injury might have been inflicted before she went to her mother's; and besides, the presence of the defendants when it was inflicted was not necessary to their complicity in it, for, as the court told the jury, it was enough if they had a controlling influence in producing it, and that influence could have been exerted without their presence. It must be held, therefore, that it does not appear that the error was harmless.

The plaintiff was allowed to testify to talk she had with her husband before they separated but after the trouble here complained of began, concerning the defendants and their treatment of her, and that he said it was not right for them to do as they did, and wanted her to get along the best she could. It is now claimed that that was error, it being after the trouble began, though before the separation, the defendants not being present nor connected with it, and it not appearing that what was said ever came to their knowledge. The plaintiff justifies its admission as tending to show that her husband then had affection for her. But the testimony was inadmissible in any view of the case, for the talk was at a time to create a suspicion of collusion. *Fratini* v. *Caslini*, 66 Vt. 273, 29 Atl. 252, 44 Am. St. Rep. 843; *Dodge* v. *Rush*, 28 App. Cas. (D. C.) 149, 8 Am. & Eng. Ann. Cas. 671. The testimony being inadmissible on the face of it, a general objection to its admission was sufficient.

It is unnecessary to decide whether it was error not to permit the defendants to prove by the plaintiff's husband, as they offered to, that when he met his wife on a certain occasion after they separated, he embraced and kissed her and that she kissed him, for if it was error, it is apparent that it was rendered harmless by the subsequent cross-examination of the plaintiff, in

which she frankly admitted all and more than they offered to prove by her husband.

*Reversed and remanded.*