WILLIAMSON *et al.* Highway Com'rs. *v.* HOSLEY.

[90 South. 184.   No. 22351.]

BRIDGES. *Statutes construed as requiring construction of culvert from district, and not bridge funds, the words "bridge' and "culvert" not being synonymous.*

Section 20, chapter 277, Laws 1920 (Hemingway's Supplement, section —), providing that under said chapter the board of supervisors shall construct all bridges in the district costing over twenty-five dollars, does not include culverts, and the highway commissioners are authorized, with the approval of the board of supervisors, to construct culverts out of the district funds. The words "bridges" and "culverts" are not synonymous.

APPEAL from chancery court of Warren county.
HON. E. N. THOMAS, Chancellor.

Bill by Amelia Hossley against George Williamson and others, Highway Commissioners, to prevent the construction of culverts from certain highway funds. A demurrer to the bill was overruled, and the defendants appeal. Reversed, and bill dismissed.

*William I. McKay,* for appellant.

At a glance, it is seen that the sole question in the case is the legal construction or interpretation of sec. 20 of chapter 277, of the Laws of 1920, which reads as follows: It shall be the duty of the board of supervisors out of the county fund to build all bridges in districts coming under this act the cost of which exceeds twenty-five dollars, and to keep the same in repair. If the word "Bridges," as used in sec. 20, does not include "culverts," that is the end of the question; if the word "bridges" does not include "culverts," if they are different things, then the use of the word "bridges" in the act sec. 20, would, under the ordinary rules of construction, exclude "culverts." unless the specification of value, "twenty-five dollars," should be held to be the key-word or determinative basis for the construction of the meaning of the section. Texts and authorities afford but feeble help, Webster's Dictionary defines a bridge as follows:

"A structure, usually of wood, stone, brick, or iron, erected over a river or other water course, or over a chasm, railroad, etc., to make a passageway from one bank to the other."

And he defines a culvert as follows: "A tranverse drain or waterway of masonry under a road, railroad, canal, etc.; a small bridge." 9 C. J. p. 420, *et seq.,* defines a bridge as follows: "A bridge is a structure of wood, iron, brick, or stone, ordinarily erected over a river, creek, pond, or lake, or over a ravine, railroad, canal or other obstruction in a highway, so as to make a continuous roadway and afford travelers a convenient passageway from one bank to the

other." See the many definitions and cases cited under the above quotation, including:

(B)    "The term bridge, is a comprehensive one and embraces every structure in the nature of a bridge." 17 C. J. p. 399, *et seq.,* defines a culvert as:

"A Waterway, or water passage, whether of wood or stone, square or arched; a covered drain under a road, designed for the passage of water; an arched drain to carry water under a road from one side to the other; an arched drain for the passage of water under a road or ,canal; an arched passage or drain for water beneath a road, canal or railway; an arched or barrel shaped drain or sewer; a channel conduit, or tunneled drain of masonry or brick-work conveying a stream of water across and beneath a canal, railway embankment, or road." And see the many definitions and cases cited under the above quotation, especially note 41 (a) "Bridge, distinguished." Many other cases or definitions might be given, but it is not believed that any special aid to the court would be attained thereby. It is believed that it is a fair deduction from a majority of texts and authorities that bridges and culverts are not the same things; and yet they are very confusingly similar in their essential natures and purposes.

As of some possible further aid to the court in the solution of this question, it is suggested that the court consider the situation, supposable and competent under the act, of a small road district in the outlying part of a large county, in which the county as a whole is very little interested, if any at all, and by which the county as a whole is not benefited. Is it not going far enough to require the taxpayers of the whole county to build the bridges in that small road district, without also requiring the tax payers of the whole county to build the culverts in the road or roads of such small road district?

There are attached hereto a statement and some exhibits by the Highway Engineer of the county pertaining to bridges and culverts. It is hoped that the foregoing may be of some assistance to the court, but it is regretted that it is so limited.

*John J. O'Neil,* for appellee.

The spirit and efforts of the appellants, to try to assist the court in determining the wise interpretation of the statute involved, are shared by the appellee. Accordingly, the appellee suggests that culverts are so much like bridges in their structure and application, culverts being in fact but small bridges, that it is not believed that the legislature intended to make any distinction between them in the act. The legislature apparently had in mind things and not names. Having enacted this provision in the year 1914 and re-enacted it nearly every session since, leaves but small room for question that the legislature knew either the sameness or difference in bridges and culverts. And it is apparently satisfied even with the expression of its intention. If there were any real or legislative difference between the two things, if bridges do not embrace culverts, it does seem that the legislature by this time would have expressly excluded culverts from the operation of the section in question. Since its first enactment, the succeeding legislatures have had ample observation of the practical application of the provision and have noted the diversity in its construction. The texts, cases and definitions cited by appellants are deemed sufficient of their kind. They help but little. The problem before the court is of very great importance. And that construction of the act should be adopted which will best serve the public welfare, especially in view of the fact that the legislature has left its intention so beclouded in doubt and uncertainty.

The case is, therefore, respectfully submitted to the court.

ETHRIDGE, J., delivered the opinion of the court.

The appellee filed a bill in the chancery court against the appellants, as highway commissioners of Warren county, to prevent the said highway commissioners from constructing culverts across a certain highway out of funds of the

road district created under the provisions of chapter 277, Laws of 1920. She alleged that she was a property owner of the said district, and that the said district was duly and legally organized under chapter 176, Laws of 1914, and laws amendatory thereto, of which chapter 277, Laws of 1920, is an amendment, and that the appellants were duly elected and acting highway commissioners, and that said district has legally issued bonds in the sum of fve hundred thousand dollars under the provisions of said chapter; that, in attempting to perform the duties and functions of the office of highway commissioners, they have employed an engineer to lay out and survey said road, and that said engineer has made estimates and determined and fixed said road to be constructed under said acts, and that the board of supervisors has ratified said action of said commissioners and engineer, and that in the plans there are a number of expensive bridges and culverts, each of which will cost over twenty-five dollars, and some of the culverts will cost as much as one thousand dollars; and that it is the plan and purpose to pay for such culverts out of said road bond fund, irrespective of the cost thereof, and that the highway commissioners have advertised for bids to build culverts by contract on said road, and, unless restrained, it will be so constructed and paid for out of said funds. Wherefore the bill prays for a writ of injunction restraining the respondents from letting such contracts—that is, contracts for constructing said culverts. The highway commissioners demurred to the bill, first, on the ground that the bill is insufficient in law, because section 20 of chapter 277, Laws of 1920, provides: "It shall be the duty of the board of supervisors out of the county fund to build all bridges in districts coming under this act the cost of which exceeds twenty-five dollars, and to keep the same in repair."

The demurrer was overruled in the court below, and appeal granted here to determine whether or not the highway commissioners can construct culverts out of the road district fund, or whether the term "bridge" in section 20 of

said act included also culverts costing more than twenty-five dollars.

Under section 6 of the act it is provided that, on a recommendation of the highway commissioners, an annual tax shall be levied in such district or districts not exceeding three mills on the dollar, which shall be used to supplement the general fund of the county in maintaining said roads, culverts, bridges, and levees thereon.

We deem it needless to go into an extensive discussion of the definition of bridges and culverts. We think there is a difference between the two terms, and that the term "bridges" generally refers to structures over such streams as constitute natural water courses which, in a state of nature, would at some time have to be bridged to insure passage over a crossing. Of course the term is used sometimes in a more extended sense, but in the statute before us we think the legislature had the distinction in mind, and that the term "bridge" in this statute does not include culverts. In *Cleveland* v. *Town of Washington*, 79 Vt. 498, 65 Atl. 584, it was held that these words were not synonomous. In *Carroll County* v. *Bailey*, 122 Ind. 46, 23 N. E. 672, it was held that a culvert is not a bridge within the meaning of the statute of Indiana requiring county commissioners to construct and repair bridges over streams and water courses.

It follows from what we have said that the highway commissioners have a right, with the approval of the board of supervisors, to build culverts as a part of the road to be constructed, and that the demurrer to the bill should have ben sustained.

The judgment will be reversed, and the bill dismissed.

*Reversed, and bill dismissed.*