Protestants contend the appropriation made by the protestee for items: "6. Construction of Culverts — $9,000; 11. Construction of Culverts and Roads — $22,500; *Page 192 
15. Construction of Culverts — $3,500," were illegal and void, and that the action of the excise board in amending the said items by striking therefrom the work "bridges" was in excess of its jurisdiction and therefore void.
These items of appropriation as originally appearing in the budget and containing the word "bridges" were not in compliance with the statute, but contrary thereto, for the locations of the bridges for which the money was sought to be appropriated were not designed. Section 9698, C. O. S. 1921. Grubb v. Simley, 142 Okla. 19, 285 P. 38; Coggeshall v. Smiley,142 Okla. 8, 285 P. 48; In re Gypsy Oil Co., 141 Okla. 291,285 P. 67.
When the protest came before the Court of Tax Review upon the original estimate made and approved it was apparent that these items were levied in contravention of statute. It was also apparent that the 60 days time had not expired allowed by section 2 of Initiated Bill No. 100 for reconvening of the excise board, after filing of the budget and levy with the State Auditor for correction by reduction of any protested budget and levy. So, over the objection of protestant, the Court of Tax Review allowed protester to withdraw the estimate made, and approved, for correction. Within 60 days as aforesaid the excise board did correct said items by striking therefrom the word "bridges." The matter was not resubmitted to the board of county commissioners, nor was there a re-advertisement of the proposed action of the excise board.
The protestant filed a supplemental protest contending that items 6, 11, and 15 were void for the reason that the excise board has no authority to amend an estimate made for county highway fund purposes by the board of county commissioners, except to reduce items thereon; that the purported amendment striking the word "bridges" was in excess of authority of the excise board; that re-advertisement of the enlargement of the items was not made as required by law; that said amendment was not made by the proper authority; and that culverts proposed to be constructed by the items are not itemized as to location.
The Court of Tax Review denied the protest as to the matter herein stated, otherwise the judgment rendered is not contested and the same stands affirmed.
The words "bridges" and "culverts" are not synonymous. Cleveland v. Town of Washington, 79 Vt. 498, 65 A. 584; Carroll Co. v. Bailey, 122 Ind. 46, 23 N.E. 672. There is a well-defined distinction in this state.
Section 9698, C. O. S. 1921, requires appropriation for bridges to be itemized so as to show location of each bridge. Appropriations for culverts are not required to be so itemized.
We hold that the striking of the word "bridges" from the items by the excise board was not an increase of the other named objects of expenditures included in the items. This for the reason that originally, with the appropriation made for "bridges, culverts, and roads," the whole sum, if lawfully levied, could have been spent for any one of the objects, roads, culverts, or bridges. Thus striking an object does not increase the expenditure that otherwise could have been made for any of the objects, but merely eliminated an alternative, admittedly illegal.
Since there was no increase in the estimate, there was no necessity of republication as contemplated by section 9698, C. O. S. 1921, as a condition precedent to such increase. See Protest C., R.I. P. Ry. Co., 150 Okla. 167, 1 P.2d 383, syllabus 2.
We hold that the excise board was and is the proper authority to review and revise an estimate such this, and that it is possessed of authority and empowered by law upon review to revise such an estimate, so as to impose and prescribe additional restrictions upon the expenditure of any item of appropriation within its proper discretion.
The reason we so hold is that section 9698, supra, vests such authority in said board, for that section of the statute reads in part as follows:
"Such appropriations as to counties, cities, towns, townships and school districts may be further detailed and itemized at the discretion of said excise board, and the said board shall have the authority to impose and prescribe such additional restrictions as to the expenditure of any item of appropriation as it may deem meet and proper."
Thus a proper function of the excise board was exercised by the amendment to the estimate, and e. g., the item "6. Construction of bridges and culverts $9,000," was by the amendment, eliminating the word "bridges," further detailed and itemized by imposition of the restriction that no appropriation was made for bridges, but the whole amount limited to culverts. Thus making the item a lawful appropriation.
Judgment affirmed. *Page 193 
LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., dissents. HEFNER, J., absent.