## ROBERT DADY

*v.*

## JAMES M. CONDIT.

*Opinion filed December 20, 1900.*

1. DAMAGES—*measure of damages on vendor's breach of contract to convey.* The measure of damages suffered by a vendee for the proposed vendor's breach of a valid contract to convey land, where he does not claim want of title or other disability to make the conveyance, is the increased value of the land, if any, at the time of the breach above the contract price.

2. SAME—*when instruction as to market value of land is erroneous.* An instruction as to the measure of damages for breach of contract to convey land is erroneous which holds that "the market value of land is the highest price which the land will bring on the market, *regardless of the causes* that contribute to its value."

3. SAME—*nominal damages mean no damages at all.* Nominal damages are such as are to be awarded in a case where there has been a breach of contract but no actual damages whatever have been or can be proved.

4. SAME—*liability for nominal damages does not imply any actual damages.* That the defendant in a suit for breach of contract may be liable for nominal damages does not authorize the court to assume, by its instructions, that some measure of actual damages is to be awarded to the plaintiff, and that the only question for the jury is the amount thereof.

5. TRIAL—*when exception applies to each instruction.* An exception taken "to each and all" of the plaintiff's given instructions, and to the action of the court as to defendant's refused instructions, "in refusing to give the same, and each of them," is, in effect, an exception to each of such instructions given and to the ruling of the court in refusing others.

6. SAME—*jury cannot consider view of other premises on question of value.* In a suit for breach of a contract to convey land, the jury's view of other lands testified about cannot be considered by them as throwing light upon the value of the land in controversy.

*Dady* v. *Condit,* 87 Ill. App. 250, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lake county; the Hon. JOHN C. GARVER, Judge, presiding.

GEORGE W. BROWN, and COOKE & UPTON, for appellant:

It is incumbent upon the plaintiff to establish his case by a preponderance of the evidence. *McCarthey* v. *Mooney*, 41 Ill. 300.

It is error for the court, by instructions, to take questions of fact from the jury. *Sherman* v. *Dutch*, 16 Ill. 283; *Warren* v. *Wright*, 3 Ill. App. 602; *Dart* v. *Horn*, 20 Ill. 212; *VanDuzor* v. *Allen*, 90 id. 499.

The market value of real estate is the price at which it would sell under ordinary circumstances. *Brown* v. *Railway Co.* 125 Ill. 600; *Tedens* v. *Sanitary District*, 149 id. 87.

Sales of real estate, to be competent evidence, must be recent, for cash, voluntarily made and of similar property, and on cross-examination all circumstances can be drawn out showing that the given sales fail, and how much, of being a fair criterion of value. *Provision Co.* v. *Chicago*, 111 Ill. 651.

In a contested case the law should be accurately given to the jury. *Railroad Co.* v. *Maffit*, 67 Ill. 431; *Railway Co.* v. *Henks*, 91 id. 406; *Ruff* v. *Jarrett*, 94 id. 475; *Swan* v. *People*, 98 id. 610.

In a case involving the value of land at a certain date, evidence is admissible of its value prior and subsequent thereto, as tending to show its value on the date in question. *Springer* v. *Chicago*, 135 Ill. 552.

Where land damages are in controversy the jury may view the premises, and knowledge derived from the view is competent evidence. *Springer* v. *Chicago*, 135 Ill. 552.

HOYNE, O'CONNOR & HOYNE, (JOHN L. GRIFFITH, and CLARK & CLARK, of counsel,) for appellee:

An exception to the refusal of the court to give "each and every of said instructions" is an exception to the refusal of all. *Railway Co.* v. *Callaghan*, 161 U. S. 91.

A jury, when viewing premises, are to inspect the same with its surroundings, and are not expected to close their

eyes to the location and quality of surrounding lands. *Tedens* v. *Sanitary District*, 149 Ill. 87.

Sales of other lands in the neighborhood of the land in controversy are admissible in evidence. *White* v. *Herman*, 51 Ill. 243; *Railroad Co.* v. *Haller*, 82 id. 208; *Provision Co.* v. *Chicago*, 111 id. 651.

The value of land is to be estimated by reference to the uses for which it is most suitable, having regard to the existing conditions or such as may be expected in the immediate future. *Railway Co.* v. *Moore*, 124 Ill. 329; *Boom Co.* v. *Patterson*, 98 U. S. 408.

Every existing fact which affects the value of land is to be taken into consideration in estimating its value. Therefore, the expectation of contemplated improvements, if they increase the value of land, is to be considered. *Cobb* v. *Boston*, 112 Mass. 181; *Moulton* v. *Water Co.* 137 id. 163; *Sanitary District* v. *Loughran*, 160 Ill. 362; *Railway Co.* v. *Moore*, 124 id. 329.

Market value of land is to be determined without regard to causes contributing to its value. *Sanitary District* v. *Loughran*, 160 Ill. 362; *Giesy* v. *Railroad Co.* 4 Ohio St. 308.

The highest price for which land will sell on the market is the proper measure of its market value. *Kempner* v. *Heidenheimer*, 65 Tex. 587; *King* v. *Railroad Co.* 32 Minn. 224; *Giesy* v. *Railroad Co.* 4 Ohio St. 348.

Where a party has openly and avowedly refused to perform his part of a contract, or declared his intention not to perform at all events, the other party need make no tender before bringing suit. *Scott* v. *Beach*, 172 Ill. 273.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the court below affirming a judgment of the circuit court of Lake county in favor of appellee, against appellant, for $12,000. The action is assumpsit for the breach of a contract to convey real estate. An agreement in writing between the parties, dated January 14, 1891, by which appellant agreed

to convey to appellee on August 1, 1891, upon certain terms and conditions to be performed by the latter, one hundred and sixty acres of farm land near the city of Waukegan, at $150 per acre, and an offer to comply on the part of the plaintiff and the refusal of the defendant to make the conveyance, are matters properly set up and alleged in the declaration. Incidental to this action, it may be stated that on the 10th of August, 1891, Condit, the appellee, began a similar suit in the circuit court, pending which, Dady, the appellant, filed his bill in equity to enjoin the further prosecution of that action at law. The history of the litigation under that bill and the final result of it appear in volume 163, page 511, of our Reports. After the dismissal of that bill Condit dismissed his suit at law, and on November 22, 1897, brought this action. The only plea is the general issue sworn to. Two trials were had in the circuit court, the first resulting in a verdict of $4920 for the plaintiff, which, on his motion, was set aside and a new trial awarded. On the second,—being the one upon which the judgment appealed from to the Appellate Court was entered,—the verdict of the jury was for $15,000, but the plaintiff entered a *remittitur* of $3000 and took judgment for the sum of $12,000, with costs of suit.

The only contested question before the last jury was as to the damages. It is asserted in the argument of counsel for appellant that upon the declaration and plea he was not liable even for nominal damages; but the claim is not seriously insisted upon, as it could not be under the proofs. The validity of the agreement had already been determined by this court, and the defendant's failure and refusal to perform it was clearly established by the evidence and not denied by him. These facts were sufficient to establish the plaintiff's right to mere nominal damages. Whether he was entitled to more (that is, to substantial damages,) was the real question before the jury, and one upon which the evidence was in irreconcilable conflict. There being no claim on the part

of the defendant of want of title or other disability on his part to make the conveyance, the measure of damages was the increased value, if any, of the premises at the time of the breach (August 1, 1891,) above the contract price. In other words, the general rule of "actual compensation for actual injury" is applicable. Unless, therefore, the plaintiff below established by the evidence that the property was of greater value on August 1, 1891, than $150 per acre, the verdict of the jury should have been for nominal damages only. The evidence introduced by plaintiff as to the value of the premises on that date consisted principally of testimony as to sales of other similar lands in the same locality. He also showed by two or three real estate dealers that in their opinion the land was on that date of the value of about $300 per acre for the purpose of subdivision. It appears from all the evidence that as farm lands the tract was at no time worth in the market more than $50 or $60 per acre, and that whatever value it had over and above that price resulted from the prospective and final location of the Washburn & Moen Manufacturing Company at Waukegan, and the hope that thereby such property would be salable in subdivisions. That such expectation or hope has not been realized is also clearly established by the evidence, the proof being clear that at the time of the trial the market value of the land in question was not to exceed one-half of the contract price of $150 per acre. Several witnesses testified, on behalf of the defendant, that the market value of the tract on August 1, 1891, was much less than the contract price, and that it was not suitable for subdivision or other use than as farm lands, fixing its value at from $40 to $65 per acre.

What is here said as to the evidence is, of course, only important in this court as bearing upon the assignment of errors of law, it being conceded that there is evidence in the record tending to support the verdict and that the judgment of the Appellate Court is final as

to the facts, unless it shall appear that there was substantial error in the rulings of the court on the instructions, or that improper evidence was admitted or proper evidence excluded upon the trial.

The contention that the circuit court erred in the exclusion of testimony is mainly based upon the refusal to allow counsel to cross-examine certain witnesses testifying to the sales of other lands, as to the terms and conditions upon which those sales were made. While we think the court unduly limited the cross-examination in that regard, we are not prepared to say that the error was sufficiently harmful to justify a reversal of the judgment below on that ground.

The more serious contention, and the one, in our judgment, of substantial merit, is, that the jury was misdirected by the instructions, and that the court erred in the refusal of at least one of those asked by the defendant. As to those given the exception was to "each and all of said instructions," and as to those refused, "refusing to give the same, and each of them." Counsel for appellee contend that this language must be treated as general exceptions to the ruling of the court upon all of said instructions, and if the ruling was correct as to any one of them the exception was properly overruled. This we regard as entirely too narrow a construction of section 53 of our Practice act. The exception is, in effect, to each of the instructions so given or refused.

Upon the trial, on the motion of the defendant, the jury was permitted to go upon the premises and examine the same. Ten instructions were given on behalf of the plaintiff, at his request, and three on behalf of the defendant, as asked by him, with certain modifications, and a large number asked by him were altogether refused. Six were also given by the court of its own motion,—in effect on behalf of plaintiff.

We think the instructions given at the instance of the plaintiff subject to criticism in several respects. The sec-

ond is purely argumentative. The seventh tells the jury "that the market value of land is the highest price which the land will bring in the market, regardless of the causes that contribute to its value." This is an incorrect definition. (*Brown* v. *Calumet River Railway Co.* 125 Ill. 600; *Tedens* v. *Sanitary District*, 149 id. 87.) Lands may bring in the market, under peculiar circumstances and on very favorable terms, much more than their fair cash value.

The eighth instruction is misleading. It is to the effect that if the land had an increased market value on August 1, 1891, by reason of a "boom of acreage property in Waukegan, * * * the jury, in estimating the measure of damages in this case, must take such increased market value into consideration, whether such boom was permanent or temporary, and whether there would have been at that time any demand or not for the lots if the land in controversy had been subdivided." Even if the land was increased in value by a "boom," that added value could in no way enter into the consideration of the jury "in estimating the damages in the case," unless the increased value made it worth more in the market on August 1, 1891, than the contract price,—$150 per acre.

The twelfth instruction,—being one of those given by the court of its own motion,—has reference to the view of the premises, and is calculated to lead the jury to understand that their view of other lands testified about might be taken into consideration as throwing light upon the value of the premises in question, and, so understood, should not have been given. *Tedens* v. *Sanitary District, supra.*

The fifteenth tells the jury that "the plaintiff, under the evidence in this case, is entitled to recover at least nominal damages, *and such further sum* as you may believe, from the preponderance of the evidence and the facts and circumstances in evidence, was the difference between the price which the defendant agreed to sell for and the market value of the premises at the date August 1, 1891."

It assumes that some further sum than nominal damages was shown by the preponderance of the evidence, etc. It does not say, "and such further sum, *if any,* as you may believe," etc.

But we think the ruling of the court upon the instructions as a series, bearing upon the question of damages, is subject to the same fatal objection. Counsel for appellee in their brief say "the only issue on the trial was how much damage was Condit entitled to recover," and the court seems to have adopted that idea in the giving and refusal of instructions. Under the evidence this is not a correct statement of the question which should have been submitted to the jury, the contention of the defendant being that the plaintiff was entitled to no damages whatever.

In addition to what we have above already said, the fifth instruction contains this language: "that in estimating the measure of damages in this case," etc. The sixth contains the same language, as do the seventh and eighth. The tenth is as follows: "The court instructs the jury that they must find for the plaintiff, and the only question in this case is the amount of damages which they ought, under the evidence, to allow to the plaintiff." The twelfth states: "In arriving at the verdict and the amount of damages you should give plaintiff in this case," etc. Each of these instructions thus gave the jury to understand that some measure of damages was to be awarded the plaintiff, and that the only question for them to determine was the amount of such damages. In other words, they assume that some damages had been sustained by the plaintiff. While, as said, the plaintiff was entitled, under the evidence, to at least nominal damages, such damages mean, in law, "no damages at all. They exist only in name, and not in amount. In the quaint language of an old writer, they are 'a mere peg to hang costs on.' They are such as are to be awarded in a case where there has been a breach of a contract and

188—16

no actual damages whatever have been or can be shown."
*Stanton* v. *Railway Co.* 59 Conn. 272; 21 Am. St. Rep. 110.

The idea advanced by appellee that the only issue on the trial was how much damages was plaintiff entitled to recover, was further carried out by the court's refusal to give the thirty-third instruction asked by the defendant, as follows:

"The court instructs the jury that if the plaintiff has failed to prove, by a preponderance of the evidence, that the fair cash market value of the Dady tract (as explained in these instructions) was more than $150 per acre on the first of August, 1891, they should award the plaintiff only nominal damages."

This instruction announced a correct proposition and was clearly applicable to the evidence in the case, there being, as we have said, evidence tending to show that the premises were of much less value on the first of August, 1891, than the contract price.

The judgment in this case is large, the evidence very conflicting. It was of the first importance to the parties that the jury should be clearly and correctly instructed as to the rule of damages applicable to the case. On the contrary, as a series they were confusing and misleading. As to the refusal to give those asked on behalf of the defendant, while we think several of them might have been properly given, especially in view of those given on behalf of the plaintiff, except as to the one already referred to we should not regard their refusal as reversible error. Many of them are also subject to the criticism of being attempted arguments, rather than the announcement of the rules of law. The issue before the jury was a very simple one, and called for the application of but few and simple principles of law.

For the reasons indicated, the judgments of the circuit and Appellate Courts must be reversed and the cause remanded to the former for another trial.

*Reversed and remanded.*