## William J. White v. M. T. Kiggins.

1. MEASURE OF DAMAGES—*in action for breach of contract to convey land.* The measure of damages in an action for breach of a contract to convey land is the increased fair cash market value of the land above the contract price on the day of the breach.

2. MARKET VALUE—*how may not be determined.* The fair cash market value of property is not to be in any wise determined by mere offers made therefor by persons not bound to execute such offers.

3. INSTRUCTIONS—*must not be argumentative.* Instructions argumentatively drafted should be refused.

4. INSTRUCTIONS—*must not assume facts in dispute.* Instructions which assume the existence of a fact or facts in issue in a cause are improper.

Action in *assumpsit.* Appeal from the Circuit Court of Montgomery county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

LANE & COOPER, for appellant.

JETT & KINDER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit in *assumpsit* by appellee against appellant to recover damages for the breach of a contract to convey real estate. Appellant pleaded the general issue and tender and tendered the accrued costs and $1, as nominal damages. The trial resulted in a verdict and judgment against appellant for $800.

By his written contract bearing date September 1, 1905, appellant gave to appellee an option to purchase on or before October 1, 1905, a certain lot in the city of Hillsboro, for the sum of $8,000, to be paid as follows: $500 on or before October 1, 1905, and $7,500 on or before December 1, 1905. The property was to be conveyed by warranty deed upon the payment of the entire consideration. The contract further provided

that in case the option of purchase thereby given was not exercised by appellee and notice thereof given to appellant on or before October 1, 1905, such option should wholly cease.

September 28, 1905, appellee served appellant with written notice of his election to exercise the option to purchase under the contract, and tendered to appellant $500, and demanded that appellant carry out the provisions of the contract. Appellant refused to comply with the contract, and thereafter, on October 27th following, appellee filed his declaration in this suit, and on November 16, 1905, the cause came on for trial in the Circuit Court of Montgomery county.

Appellant urges as grounds for reversal of the judgment, error in the admission of evidence, and in giving, modifying and refusing instructions; and that the verdict is not supported by the evidence.

Witnesses called on behalf of appellee were permitted to testify as to the market value of the property on October 1, 1905, and at any time thereafter up to the day of the trial. The evidence was incompetent and the objections of appellant should have been sustained. It is settled law that the measure of damages in an action for breach of a contract to convey land is the increased fair cash market value of the land above the contract price on the day of the breach. Plummer v. Rigdon, 78 Ill. 222; Dady v. Condit, 188 Ill. 234; Dady v. Condit, 209 Ill. 488.

It is, however, insisted by appellee that as the contract provided for the making of the final payment, and the delivery of the deed on December 1, 1905, that date and not October 1, 1905, should be held to be the time of the breach of the contract. This insistence is evidently an afterthought. If there was no breach of the contract until December 1st, then it is manifest that appellee instituted his suit prematurely. Having instituted his suit prior to December 1st, and having alleged in his declaration that the breach occurred October 1st, appellee is not in a position to insist, for the

first time in this court, that the breach occurred December 1st. By the express terms of the contract the option of appellee to purchase expired October 1, 1905, and that date must be held to be the date of its breach.

Over the objection of appellant, witnesses for appellee were permitted to testify to offers made to them, or in their hearing, for the purchase of the property after the breach of the contract, and that the persons so making such offers were ready, able and willing to purchase the same at the prices offered. The evidence was hearsay, and was otherwise incompetent for any purpose, and clearly prejudicial to appellant. The fair cash market value of property is not to be in any wise determined by mere offers made therefor by persons not bound to execute the same. C., B. & D. Ry. Co. v. Kelly, 221 Ill. 498.

Appellee's first instruction assumes the existence of facts favorable to him, and is ingeniously argumentative in his behalf. Appellee's third instruction erroneously informs the jury that if they find the issues for the plaintiff then it will be their duty to assess his damages. A breach of the contract was admitted by appellant, but it did not follow that appellee was entitled to damages other than mere nominal damages, a tender of which had been made by appellant. What was said in Dady v. Condit, 188 Ill. 234, is applicable in criticism of this instruction. "While * * * the plaintiff was entitled, under the evidence, to at least nominal damages, such damages mean, in law, no damages at all. They exist only in name and not in amount. In the quaint language of an old writer, they are 'A mere peg to hang costs on.' They are such as are to be awarded in a case where there has been a breach of a contract and no actual damages whatever have been or can be shown." The instruction is further erroneous in permitting the jury to consider the market value of the property at any time subsequent to the breach of the contract. Appellee's fourth instruction is erroneous in authorizing the jury to consider

evidence of offers for the property in determining its fair cash market value.·

Appellant's ninth instruction was properly refused. Offers or statements by persons as to what they will give for property, do not determine its market value, whether communicated to the owner or not. The willingness or unwillingness of the owner to sell his property is not proper to be considered in fixing its market value, and appellant's tenth instruction was, therefore, properly refused.

As the judgment must be reversed and the cause remanded for the errors indicated, we refrain from a discussion of the evidence and whether it supports the verdict. ·

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*