**Lettie Still, Administratrix, Appellee, v. McGuire-Cummings Manufacturing Co., Appellant.**

INSTRUCTIONS—*must be confined to issues.* Instructions which are not confined to the issues of a cause should not be given.

Action in case. Appeal from the Circuit Court of Edgar county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed November 17, 1908.

H. S. TANNER and J. E. DYAS, for appellant.

JOHN W. SHEPHERD and FRANK T. O'HAIR, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case by Lettie Still, administratrix of the estate of William Still, deceased, against the McGuire-Cummings Manufacturing Co., for the recovery of damages for wrongfully causing the death of her intestate, which it is charged was occasioned by the negligence of the defendant company. The jury returned a verdict for plaintiff and assessed the damages at $4,000. To reverse the judgment rendered thereupon this appeal is prosecuted by the defendant.

The first count of the declaration alleges in substance that the defendant, a corporation, was engaged in the construction of railroad and other cars; that on the day he was killed Still was in its employ and with other

servants was engaged in assembling the various parts of cars, under the direction of a foreman; that he was directed by said foreman to assist in lifting and unloading a heavy iron car frame from a flat car; that he and other servants were directed to and did place an iron chain, furnished by the defendant, and which was attached to a derrick, around said car frame, so that such frame could be lifted from the flat car, and placed in proper position to be used; that the defendant negligently failed to furnish a chain of the proper strength and size for the use aforesaid, but furnished one of insufficient size, quality and strength to bear the weight of and lift said car frame; by reason whereof, while Still was engaged in assisting in lifting and removing said car frame by means of said derrick and chain, such chain, because of its insufficiency, defective condition and lack of strength, proper size and quality, then and there broke and permitted said car frame to fall upon him, thereby causing his death.

The negligence charged in the second count is that the defendant failed to furnish a sufficient chain or chains and fall lines and guy ropes, of proper and sufficient strength, size and quality to enable Still and the servants employed with him, to safely move and handle said car frame, and that the foreman, who was not a fellow-servant of Still, negligently failed to properly direct the use of said apparatus in a safe and proper manner.

As the cause may again be tried, we shall not discuss the evidence, other than to say that there was evidence adduced which fairly tended to support the declaration.

At the request of the plaintiff the court gave to the jury the following instruction:

"The court instructs the jury that a master is liable to his servant, if the master is guilty of negligence, if he orders the latter to perform a dangerous work, unless the danger is so imminent that no man of ordinary prudence would incur it. Even if the servant has some knowledge of the attendant danger, his right to re-

cover will not be defeated if in obeying the order he acts with a degree of prudence which an ordinarily prudent man would exercise under the circumstances. When the master orders the servant to perform his work, the latter has a right to assume that the former, with his superior knowledge of the facts, would not expose him to unnecessary peril. The servant has a right to rest upon the assurance that there is no danger which is implied by such order, provided this instruction is to be read and construed with the following instructions, which are part of this instruction.''

It will be observed that there is no allegation in either count of the declaration charging that appellant or its vice-principal gave any orders or directions to Still to perform any hazardous work and that he was injured as the result of obeying the same. The *gravamen* of the negligence charged is the failure of appellant to use reasonable care to provide reasonably safe appliances for the use of Still and its other servants. The instruction quoted was therefore inapplicable under the pleadings, and directed the attention of the jury to grounds of liability other than those charged in the declaration. They were thus misled, and it is impossible to determine whether or not appellant was prejudiced thereby. A majority of the court are of the opinion that the error in giving the instruction in question is not cured by the other instructions in the series, and that the judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*