## John Gleason, Appellee, v. M. P. Byrne Construction Company, Appellant.

### Gen. No. 17,065.

1. DAMAGES—*new trial.* Plaintiff, while laying brick in a sewer for defendants, was struck by a plank falling from a defective scaffold, and later by another plank falling by reason of negligence of a fellow-servant. The trial court ordered a remittitur of two-thirds from a verdict for $10,000 damages on the ground that the "jury had been confused" as to liability for injuries from the first plank and nonliability for those due to the second plank. *Held*, a new trial should be granted.

2. VERDICT—*against weight of evidence.* Where the verdict is so manifestly against the evidence as to require a reduction of two-thirds in amount by the trial court, a new trial should be granted.

3. DAMAGES—*court cannot fix.* A trial court, on the assumption that the jury has not followed instructions of the court in arriving at their verdict, cannot itself in effect fix the damages to which plaintiff is entitled.

4. INSTRUCTIONS—*assumed that jury understood.* It must be assumed that the jury understood the instructions of the court.

5. DAMAGES—*when remittitur will not cure error.* Where an error has been committed as to some substantive fact which bears upon the right of recovery or the measure of damages in respect to some matter which is not susceptible of computation, a remittitur will not cure such error.

6. NEGLIGENCE—*variance.* Where the gravamen of the negligence charged is the failure of defendant to use reasonable care to provide .reasonably safe appliances, admission of evidence that an improper order of a vice principal caused the accident and the bringing of this question into the case by modified instructions, mislead the jury as to the ground of liability originally charged.

Appeal from the Circuit Court of Cook county; the Hon. KICK-HAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed March 25, 1913.

THOMAS B. LANTRY, for appellant.

J. W. SUTTON and FRANK MACK, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This appeal brings up for review a judgment for damages for personal injuries alleged to have been sustained by the appellee (plaintiff) through the negligence of his employer, the appellant (defendant). There was a verdict of $10,000. A *remittitur* was filed and judgment entered for $3,333.33.

The counts of the declaration, upon which the case was finally submitted to the jury, are based upon the alleged neglect of duty of the defendant in failing to provide a safe place in which to work. The plaintiff was a brick mason and was engaged in the work of laying brick in a sewer being constructed by the defendant. Seven other bricklayers were working with him. Over the place where they were working a scaffold had been built, which was used in getting the brick from a pile on the bank to the bricklayers below. For certain reasons an uneven surface had been created for the scaffold planks to rest upon, as often happened, and in order to overcome this short pieces of wood, known as "shoes," were laid. It would appear that at the time of the accident a "shoe" had been thus placed diagonally from a stringer to a brace, and a plank rested thereon. The trench was about 17 feet deep, and the plaintiff estimated that at the time of the accident he was about 12 feet below the surface of the ground. While the plaintiff was at work a plank fell upon him, and the alleged injury received by him in consequence thereof is the basis of the present suit. Whether the plank was caused to fall because of the negligent construction of the scaffold, or because a man named Martini, who was a fellow-workman with the plaintiff, jumped down upon the scaffold, loosened the "shoe" and thus caused the plank to come down upon the plaintiff, is largely the disputed question of fact in the case.

It appears that a second plank was caused to fall after the first one had come down, and that this second

plank also struck the plaintiff,—just how soon after he was struck by the first plank is not made clear in the record.

Because of the view we entertain as to the proper disposition of this appeal, it is unnecessary for us to consider many of the questions raised in the briefs, and we shall confine ourselves to those points which we regard as controlling in the matter.

In the first place it is apparent that the verdict of the jury was against the manifest weight of the evidence on the question as to the amount of damages, as the trial court required a *remittitur* of two-thirds. In the case of Lauth v. Chicago Union Traction Co., 244 Ill. 244, the trial court required a *remittitur* of $7,500 from a verdict of $20,000. The court in passing upon the case said: "The action of the trial court in requiring the *remittitur* is conclusive that the verdict was far in excess of the actual damages. Where an error has been committed as to some substantive fact which bears upon the right of recovery or the measure of damages in respect to some matter which is not susceptible of computation, a *remittitur* will not cure it." See also Lyons v. Chicago City R. Co., 258 Ill. 75.

In the present case it is urged by the defendant that the verdict must have been the result of passion and prejudice. The bill of exceptions shows that the reason assigned by the trial judge upon the refusal to grant the motion for a new trial was "that it was almost impossible for anyone to tell what portion of the injuries was caused by the first plank and what portion was caused by the second plank, and that in the opinion of the court the jury had been confused on this question to the injury of the defendant, who was not liable for any injuries caused by the falling of the second plank." The court further announced it as his opinion that the damages had not been fixed too high by the jury because of passion and prejudice.

In the declaration in the case before us, as heretofore stated, the negligence charged was the furnishing

of an unsafe place to work. In the trial of the case this fact seems to have been disregarded, and evidence was introduced and in part, at least, allowed to remain in the record, upon the proposition that an improper order was given by a vice-principal of the defendant to certain fellow-servants of the plaintiff, and that this improper order was the cause of the accident. Instructions tendered by the defendant were modified by the court in a way which also brought into the case the question as to whether or not an improper order of a vice-principal had been given.

The case is similar to that of Still v. McGuire-Cummings Mfg. Co., 145 Ill. App. 448. The *gravamen* of the negligence charged was the failure of the defendant to use reasonable care to provide reasonably safe appliances, and the testimony admitted into the case and the instructions referred to were, therefore, inapplicable to the pleadings, and directed the attention of the jury to a ground of liability other than that charged in the declaration. The jury was thus misled, and it is impossible to determine whether or not the defendant was prejudiced thereby.

In quoting the language used by the trial judge in passing upon the motion for a new trial, we do not wish to be understood as holding that it has any place in the bill of exceptions. It is, however, suggestive in the consideration of the point now under discussion. The court at the request of the defendant charged the jury that no recovery could be had by plaintiff by reason of injuries, if any, sustained by him, caused by the falling upon him of the second plank, on the ground, apparently, that the second plank was caused to fall by reason of the negligent act of a fellow-servant. The question therefore arises whether a trial court may, on the assumption that the jury has not followed the instructions of the court in arriving at its verdict, itself in effect fix the damages to which the plaintiff is entitled. Must it not be assumed that the jury understood the instructions of the court?

Where the verdict is so manifestly against the weight of the evidence as to demand a reduction of two-thirds in the amount, is it not the duty of the court to grant a new trial and thus leave to another jury the task of fixing the amount of damages, if any, to which the plaintiff is entitled? Our attention has not been called to any adjudicated case in which a reduction of so large a portion of the verdict has been required. We think the motion for a new trial should have been granted.

It is clear also that the judgment must be reversed because of error in rulings on the admission of evidence and in giving the modified instructions heretofore referred to. Inasmuch as there may be a retrial of the case, we refrain from discussing the evidence more in detail.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*