chased a coat and was leaving the store when he was stopped by some unknown person, and that plaintiff went with such person to the clothing department where a clerk and a floorman told him he would have to prove that he purchased or that he did not steal the coat, *held* that a verdict in favor of plaintiff could not be sustained, the evidence not showing that the person who stopped him was an employe of the store and it not appearing whether the statements made by defendant's servants in the clothing department could be construed to mean that plaintiff should remain in the room until he proved he bought the coat.

2. FALSE IMPRISONMENT, § 2*—*what constitutes.* To constitute the injury of false imprisonment there must be a detention of the person and the detention must be unlawful.

3. FALSE IMPRISONMENT, § 30*—*when instruction not to award punitive damages should be given.* In an action for false imprisonment by the servants of defendant, refusal of court to instruct the jury at the request of defendant that plaintiff should not be awarded punitive damages, *held* error, it not appearing that defendant's servants acted maliciously or wantonly or that their acts were conceived in a spirit of mischief or criminal indifference to civil obligations.

4. FALSE IMPRISONMENT, § 36*—*when damages excessive.* A verdict for five hundred dollars for damages sustained by reason of false imprisonment, *held* excessive, the case not being one in which punitive damages should be awarded and the evidence showing that there was only a detention of the person of plaintiff for a few moments.

---

### Ernest D. McArthur, Defendant in Error, v. Joseph A. Hopson, Plaintiff in Error.

### Gen. No. 18,354.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed January 12, 1914.

### Statement of the Case.

Action by Ernest D. McArthur against Joseph A. Hopson to recover damages for alienation of the af-

fections of plaintiff's wife. To reverse a judgment entered in favor of plaintiff for one thousand dollars, defendant prosecutes error.

CRUICE & LANGILLE, for plaintiff in error.

COMERFORD & COHEN, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. HUSBAND AND WIFE, § 280*—*when admission of letter in suit for alienation reversible error*. In an action for alienation of wife's affections, admission in evidence of a letter written by the wife to defendant and found in defendant's possession *held* reversible error.

2. HUSBAND AND WIFE, § 280*—*when letter written by wife to husband not admissible in suit for alienation*. In an action for alienation of plaintiff's wife's affections, a letter written by the wife to the plaintiff *held* not admissible in evidence.

3. MARRIAGE, § 26*—*sufficiency of proof of ceremonial marriage*. In an action for alienation of wife's affections, proof of ceremonial marriage *held* scanty where plaintiff testified he was married to his alleged wife on a certain date at Milwaukee, Wisconsin, and further puts in evidence over objection a certificate of a justice of the peace in Milwaukee county, which in connection with his testimony showed that the ceremony was before such justice.

4. MARRIAGE, § 24*—*evidence inadmissible to prove ceremonial marriage*. The certificate of a justice of the peace of another State is not of itself evidence of the official character of the justice or of his right to perform a marriage ceremony or that the ceremony was performed and is inadmissible as such evidence.

5. HUSBAND AND WIFE, § 280*—*degree of proof required in suit for alienation*. In an action for alienation of wife's affections a preponderance of the evidence is sufficient to establish plaintiff's case.

6. MUNICIPAL COURT OF CHICAGO, § 27*—*when rules of court must be presented by bill of exceptions*. The Appellate Court in cases coming from the Municipal Court cannot take judicial notice of the rules of that court nor consider them unless they are made a part of the record by a bill of exceptions.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.