(No. 15595.—Reversed and remanded.)
THE ILLINOIS POWER AND LIGHT CORPORATION, Appellant,
*vs.* E. E. LYON *et al.* Appellees.

*Opinion filed February 19, 1924.*

1. PUBLIC UTILITIES—*when a public utility may condemn property.* Section 59 of the Public Utilities act authorizes a utility corporation to take or damage private property in the manner provided for under the law of eminent domain when necessary for the construction of any alterations, additions, extensions or improvements ordered or authorized by the Commerce Commission under section 50 of the act.

2. EMINENT DOMAIN—*what argument by attorney for defendants is improper.* Argument to the jury by the attorney for the defendant property owners in a condemnation proceeding that no finding of the jury could possibly hurt the petitioning corporation because it could abandon the improvement, and that the jury should give the property owners all the damages they have proved because they were merely farmers wedged in between "two corporations without souls," is grossly improper, as tending to excite passion or prejudice.

3. TRIAL—*when a new trial should be granted because of improper argument.* Where counsel persists in using improper argument calculated to create passion or prejudice, and the court, instead of stopping the argument on objection, merely advises the counsel to confine himself to the evidence, a new trial should be allowed where it appears from the verdict that the action of the court was not sufficient to remedy the wrong done.

APPEAL from the County Court of Vermilion county; the Hon. WALTER J. BOOKWALTER, Judge, presiding.

ACTON, ACTON & SNYDER, for appellant.

WALTER V. DYSERT, and JINKINS & JINKINS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Illinois Power and Light Corporation, appellant, filed its petition in the county court of Vermilion county alleging that it was a public utility engaged in furnishing

electricity by means of poles, wires and appurtenances there-
to, for light and power purposes to the people generally,
under the Public Utilities act and under the supervision,
regulation and control of the Illinois Commerce Commis-
sion, and that it was duly authorized by orders of the Com-
merce Commission to construct a line of poles, cross-arms,
wires and appurtenances to connect with its existing service
line running south from Danville to Georgetown, and the
said orders duly authorized it to condemn the right of way
across private lands for that purpose. The petition prayed
the court to cause to be ascertained the compensation to be
paid to E. E. Lyon, W. V. Jones and Lydia Morgan, own-
ers of lands, and Logie Jones, a tenant, appellees, for land
taken for the construction of the line authorized. The de-
fendants moved to dismiss the petition for want of power
or authority of the petitioner to exercise the right of emi-
nent domain, and upon a hearing that motion was denied.
Defendants then filed their several cross-petitions, alleging
damage to adjoining lands by decrease of the cash market
value thereof on account of taking the lands for the con-
struction and operation of the line. There was a trial before
a jury, resulting in verdicts finding compensation and dam-
ages to the owners and damages to the tenant. Judgment
was rendered accordingly and this appeal was prosecuted.

The appellant has assigned errors on the record on rul-
ings of the court in the course of the trial, giving and re-
fusing instructions, and denying a motion for a new trial
because the verdict was contrary to the manifest weight of
the evidence. The appellees filed an additional record and
abstract containing the evidence on the motion to dismiss,
and have assigned a cross-error on the denial of the motion.

The judgment must be reversed and the cause remanded
for improper and prejudicial argument of the attorneys for
the defendants and the failure of the court to sustain ob-
jections to such arguments, impose proper restraint or take
any action to obviate or prevent the injurious consequences

resulting therefrom.   Other errors alleged will not be considered, for the reason that the same questions will probably not arise on another trial.

The appellant had a right, under section 59 of the Public Utilities act, to take or damage private property in the manner provided for under the law of eminent domain, when necessary for the construction of any alterations, additions, extensions or improvements ordered or authorized by the Commerce Commission under section 50.   (*Chicago, Burlington and Quincy Railroad Co.* v. *Cavanagh,* 278 Ill. 609; *Public Service Co.* v. *Recktenwald,* 290 id. 314; *Public Service Co.* v. *Krumbach,* id. 489; *Public Service Co.* v. *Ludwig,* id. 557.)   If the evidence on the hearing of the motion to dismiss was not the best kind of evidence, the defect may be supplied if the motion is renewed.   It will also be assumed that if there were any erroneous rulings of the court they will not occur upon a second trial.

In the argument for the defendants one of the attorneys said:   "Under the law of this State this corporation has the right to abandon this proceeding if it does not like the amount of damages that you assess.   These defendants do not want to sell their land, but they will have to take whatever you allow them.   You cannot hurt this corporation, because if it does not like the amount of damages that you award it won't have to pay them but it can abandon the proceeding."   The attorney for the petitioner objected to the argument, and the court said, "Counsel will confine himself to the evidence."   The attorney continued as follows:   "I say that this corporation has a right, under the law, to abandon this proceeding, and they don't have to pay the damages that you award.   If they don't like what you do they don't have to take this land.   These defendants don't want to sell their land, anyway."   Objection again being made, the court said, "Counsel will confine his argument to the evidence in the case."   Another attorney for the defendants in his argument to the jury said:   "Here

we have two corporations, one at one end and one at the other, and the farmers are in the middle. Corporations without souls." On objection the court again said, "Counsel will confine himself to the evidence in the case." The same attorney continuing, said: "I say that here are two corporations,—corporations without souls,—and the farmers are between them, and this jury should give these farmers all the damages that they have proved by these witnesses in this case." On objection the court repeated the same advice, "Counsel will confine himself to the evidence."

The statement that the defendants did not want to sell their land and the jury could not hurt the corporation, because if it did not like the amount of damages it would not have to pay them, was a direct invitation to the jury to assess damages that would be nothing but a proposition to the petitioner to take the land or leave it, as the petitioner might see fit, and whatever amount was assessed would not hurt the petitioner. It was grossly improper, and the argument of the other attorney that there were two corporations without souls, one at one end and one at the other, with the farmers between them, was a direct and improper appeal to arouse sympathy, passion or prejudice in the jurors. When objections were made to such unfair and improper arguments the court had a duty to perform, and the mere perfunctory statement on each occasion that counsel should confine himself to the evidence was not a ruling on the objection made or in response to it. It was not a discharge of the duty of the court as a factor in the administration of justice and nothing more than friendly advice to the attorney to be good. The attorneys were not talking about the evidence but were attempting to create prejudice, and a judgment founded on a verdict tainted with such an argument cannot be permitted to stand. It was the duty of the court to rule on the objection, put a stop to the argument and see that it was not repeated, and if it appeared from

the verdict that the action of the court was not a sufficient remedy for the wrong done, a new trial should have been granted.

The judgment as to each tract is reversed and the cause remanded.

*Reversed and remanded.*

---

(No. 15807.—Reversed and remanded.)
THE PEOPLE *ex rel.* Elmer Mark *et al.* Appellants, *vs.* WILLIAM HARTQUIST *et al.* Appellees.

*Opinion filed February 19, 1924.*