Michael Lindenberger, Appellee, v. Frank J. Klapp,
Appellant.

Opinion filed June 22, 1929.

MAURICE V. JOYCE and DAN McGLYNN, for appellant.

POPE & DRIEMEYER and JOSEPH A. TROY, JR., for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

This is an appeal from the judgment of the circuit court of St. Clair county, Illinois, in favor of Michael Lindenberger against Frank J. Klapp in the sum of $45,000, in an action of trespass on the case for the alienation of the affections of Lindenberger's wife, Eda M. Lindenberger. At the close of the trial the jury returned a verdict in favor of the plaintiff in the sum of $90,000. Appellant interposed a motion for a new trial. At the conclusion of the argument the court stated that the verdict was excessive, and that, unless the appellee entered a remittitur of $45,000 he would

grant appellant's motion for a new trial and set the verdict aside. Appellee entered a remittitur of $45,000 from the verdict. The court then overruled appellant's motion for a new trial and entered judgment on the verdict for $45,000.

The appellant, Frank J. Klapp, married Catherine Reuter, and appellee, Michael Lindenberger, married a sister of Mrs. Klapp. Appellant Klapp and his wife had a daughter, Eda May Klapp, aged about 11 years at the time of the trial. In the year 1925 appellant and his wife took a boy known as Jack Klapp, Jr., for the purpose of adoption. The appellee Lindenberger and his wife took a girl in February, 1926, then about the age of 18 months, and adopted her. After these children were taken into the respective homes, Mrs. Lindenberger and Mrs. Klapp mutually agreed that in case of the death of either, the survivor should take care of and help raise these children. Mrs. Klapp was stricken down with pneumonia and shortly before her death on March 2, 1925, she exacted from her sister, Mrs. Lindenberger, a promise to take care of her children. Shortly after the death of Mrs. Klapp the Lindenberger family moved into the home of the appellant Klapp and until November 11, 1926, all lived in the same home. The record does not disclose that at any time the appellee Lindenberger made any complaint about the actions or conduct of the appellant towards appellee's wife until he left Klapp's home on November 11, 1926.

Nearly two years after appellee left the home of the appellant he started this suit.

It is insisted by the appellant that the verdict of the jury is contrary to the weight of the evidence in the case. We are not disposed to discuss this assignment of error as the case will have to be reversed and remanded for a new trial on other errors in the case.

The plaintiff called Clara Harding, a maid who had lived in appellant's home from August 1 to Decem-

ber 2, 1926, as a witness. She detailed a conversation that she had had with Mrs. Lindenberger. This evidence was given over the objection of the defendant and was properly excepted to. We are of the opinion that it was error to admit this testimony. (*McArthur v. Hopson,* 184 Ill. App. 487; *Fox v. Fuchs,* 241 Ill. App. 242; *Townshend v. Townshend,* 84 Vt. 315, 79 Atl. 388.)

The defendant testified in his own behalf. An offer was made to prove by the defendant that he had had conversations with the wife of the plaintiff on several occasions, shortly after the plaintiff left his wife and the home of the defendant, in which he, the defendant, had tried to secure a reconciliation between the plaintiff and his wife. An objection was sustained to the offer and this evidence was not admitted. The defendant, by his counsel, duly excepted to the ruling of the court. We think this evidence should have been admitted under the authorities as laid down in the cases of *Fox v. Fuchs, supra; Dunn v. Dunn,* 241 Ill. App. 11, and *Bailey v. Bailey,* 94 Iowa 598, 63 N. W. 341.

The next asignment of error is that the court erred in giving instructions on the part of the plaintiff. Some of the instructions, we think, are erroneous and should not have been given. Instruction No. 3 is: "The jury are instructed that while as a matter of law the burden of proof is upon the plaintiff and it is for him to prove his case by a preponderance of the evidence, still, if the jury find that the evidence bearing upon the plaintiff's case preponderates in his favor, although but slightly, it will be sufficient for the jury to find the issues in his favor." This instruction has been criticized and giving it held to be error. In *Reivitz v. Chicago Rapid Transit Co.,* 327 Ill. 207, 210, a similar instruction was given and the court held that this instruction should have been refused; that if the jury had been instructed, it was the duty of the plaintiff to

prove his case by a preponderance of the evidence; that any further effort to state the rule which was to govern the jury in weighing the evidence was only confusing.

In the case of *Teter v. Spooner*, 305 Ill. 198, 211, the court in passing upon a similar instruction used the following language: "The use of the adjectives 'slight' and 'clear,' with reference to the preponderance of the evidence required to sustain an issue, is only confusing to the jury. They ought not to be used in instructions in any case. Nobody knows what is a 'slight' preponderance, or a 'clear' preponderance of the evidence, although every one knows what is meant by a 'preponderance' of the evidence." By far the greater number of witnesses testified on behalf of the defendant. Only two testified for the plaintiff on his case in chief, and for that reason we think that instruction No. 5, given for the plaintiff, does not correctly state the law as it ignores the fact that the jury should take into consideration the number of witnesses testifying for or against a proposition, in deciding where the preponderance of the evidence lies. A similar instruction to No. 5 was given in *Noone v. Olehy*, 297 Ill. 160, 169. The court held that this instruction was erroneous and should not have been given. The same rule is given in *Rudin v. Wheelock*, 241 Ill. App. 249; also in *Nieman v. Schnitker*, 181 Ill. 400.

Instruction No. 6, given on behalf of the plaintiff, we think, is erroneous as it assumes a controverted fact, namely: That the plaintiff is entitled to recover damages. Such an instruction has been condemned in the cases of *Gorrell v. Payson*, 170 Ill. 213; and *Dady v. Condit*, 188 Ill. 234. We do not think that the court by giving appellant's 10th instruction cured the error in appellee's instruction No. 6.

During the closing argument to the jury counsel for the appellee said: "Boys, the question that you have

to determine is, whether a rich man like Klapp can break up a poor man like Lindenberger's home and enjoy his wife, or whether the poor devil has any rights in this world." We think this argument was improper and the trial court very properly sustained an objection to it and instructed the jury to disregard this statement. The purpose of an argument to a jury is to enlighten them what the evidence is in the case and the law applicable thereto, and any argument that tends to inflame or prejudice the jury is objectionable. Both our Supreme Court and Appellate Courts when their attention has been called to the same have not hesitated to reverse a case on this ground alone, when an objection has been made to the improper argument in the trial court. The attorney in this case was not talking about the evidence, but was attempting to create prejudice, and a judgment founded on a verdict tainted with such an argument cannot be permitted to stand. In the case of *Nicklich v. Schnitker,* decided by this court at the October term, A. D., 1928 (not reported in full), we held: "If counsel persisted in an improper argument to the jury and an objection is made and sustained, said argument coming from counsel of ability, age and experience in the practice of law, and if it tends to excite the passions and prejudice of the jury, neither the attorney nor his client may complain if the verdict is set aside for that reason alone." (*Illinois Power & Light Corp. v. Lyon,* 311 Ill. 123; *City of West Frankfort v. Marsh Lodge,* 315 Ill. 32; *Wabash R. Co. v. Billings,* 212 Ill. 37, 42; *City of Centralia v. Ayres,* 133 Ill. App. 290, 294.)

The jury by their verdict gave the plaintiff $90,000 damages, but the trial court held this amount unreasonable and excessive, and required the plaintiff to enter a remittitur of $45,000. It is the contention of the appellant that under the circumstance of this case the verdict of $90,000 was so excessive it showed that

the verdict was the result of prejudice and passion on the part of the jury and any remittitur that might have been ordered by the trial judge could not cure this error. In some cases no doubt the trial judge has a right to order a remittitur. The appellant does not contend that this is not the law, but claims it does not apply to a case where the damages are grossly excessive.

The evidence discloses that the appellee had been afflicted with a loathsome disease, once shortly before the separation from his wife, another time several years prior thereto; the last time the wife paid $75 for medical services to have him cured. The evidence further shows that the appellee before the separation and thereafter continued to drink to excess and to live and associate with undesirable people. There is testimony that tends to show that the affection that appellee's wife had had for him was lost to him for sometime prior to the separation. All these facts and circumstances should be taken into consideration in arriving at the amount of the verdict. Treating the case as though the plaintiff had proven his case by a preponderance of the evidence, we are of the opinion that a verdict for $90,000 was grossly excessive and a remittitur reducing the verdict to $45,000 would still leave the verdict excessive; also, that the verdict of $90,000 was not justified from the evidence in the case, and that the jury were governed by prejudice and passion, or by some element that should not have entered into the determination of the issues in the case. In *Wabash R. Co. v. Billings,* 212 Ill. 37, it was said: "Where the damages allowed are so excessive that they can only be accounted for on the ground of prejudice, passion or misconception, a remittitur will not obviate the error, because these elements may have entered, and probably did enter, into the finding of other facts important to the issue, if not the issue it-

self." (*Loewenthal v. Streng,* 90 Ill. 74–76; *Richter v. Tegtmeyer,* 167 Ill. App. 478, 479; *Gleason v. Byrne Const. Co.,* 178 Ill. App. 359; *Belt Ry. Co. v. Charters,* 123 Ill. App. 322; *Chicago City Ry. Co. v. Fennimore,* 78 Ill. App. 478.)

For the errors above mentioned, the judgment of the circuit court of St. Clair county is hereby reversed and the case remanded.

*Reversed and remanded.*