(No. 28703.—

FOREST PRESERVE DISTRICT OF COOK COUNTY, Appellee, *vs.*
THE ALTON RAILROAD COMPANY *et al.,* Appellants.

*Opinion filed September 19, 1945.*

WILSON, J., dissenting.

WINSTON, STRAWN & SHAW, (HAROLD A. SMITH, and
LAURENCE BARASA, of counsel,) all of Chicago, for ap-
pellants.

GEORGE A. BASTA, and FRANK S. RIGHEIMER, both of
Chicago, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the
court:

The Forest Preserve District of Cook county filed a
petition in the circuit court of that county to condemn 15.6

acres of unimproved land owned by the Alton Railroad Company. The property was located on Archer avenue about twenty miles southwest of Chicago's loop district. A jury trial resulted in an award of compensation of $4449.53. The railroad company and its trustees appealed from the judgment entered on the verdict.

The cause was submitted to the jury on its view of the premises, the testimony of three expert witnesses who testified for appellee as to value, and the evidence of the same number of experts who were called by appellants. The conflict of evidence usual to this class of cases appears, but the differences as to value are based on the different viewpoints as to what was the highest and best use to which the land was adapted. Witnesses for appellee were of the opinion it was best adapted to agricultural purposes and the raising of corn, oats and alfalfa, while witnesses for appellants considered that its highest and best use was for subdivision purposes, divided into small acreage units. The range of the evidence for farming purposes was from $225 to $250 per acre, while appellant's witnesses, adopting the subdivision theory, fixed values ranging from $865 to $968 per acre.

Three errors are assigned as grounds for reversal, namely: error in the rejection of evidence offered on behalf of appellants, misconduct of appellee's counsel in the presence of the jury, and that appellants' motion for a new trial on the grounds of newly discovered evidence should have been allowed.

The tract in question abuts on Archer avenue on the south, appellants' right of way on the north, and on the west by a small tract of eight acres owned by Polona Skavich. The error assigned on the rejection of evidence arose on appellants' use of a sale of the Skavich property. Mrs. Skavich testified that she purchased the eight-acre tract in April, 1940, and paid $13,500 for it. She described her land, the buildings thereon and the use made

of it at the time of the purchase. It appears that there was a large number of trees on it, a semimodern residence, and other small buildings located near it. There was a dance pavilion some distance from the house located among the trees, and this and the surrounding area were equipped and used for picnic and outing purposes. Appellee objected to evidence of the sale on the grounds that appellee's property and the Skavich tract were not similar. The objections were overruled and evidence of the sale was admitted. Thereafter, appellants called Ernest H. Lyons as a witness who testified as to his business and experience in appraising real estate, his acquaintance with appellants' land and the sale price of various tracts in the same general locality in which appellants' property was located. He testified that he knew the Skavich property and had been upon it and examined the buildings described by Mrs. Skavich in her testimony. He stated that he knew the condition of the buildings when Mrs. Skavich purchased the property in 1940. Appellants' counsel asked the witness if he had an opinion as to the fair cash market value of the buildings on the Skavich property as of April, 1940, considered separate and apart from the value of the land. He replied that he had, but the court sustained appellee's objection and the witness was not permitted to express his opinion. Appellants' counsel made an offer of proof and stated that he expected to show by the witness Lyons that the fair cash market value of the buildings at time of the sale was $5000.

Appellants' property was not improved with buildings but had a few trees thereon similar to those on the Skavich property. No evidence was introduced to show that appellants' tract could be used for the same purposes to which the Skavich property was used in 1940. The argument advanced indicates that appellants' counsel considered there was a lack of similarity between the two tracts as to the improvements and, by the question propounded

to the witness Lyons, undertook to deduct the value of the buildings from the sale price, thus leaving $8500 as representing the value of the unimproved land. This price for eight acres of unimproved land would be within the range of value fixed by appellants' witnesses on the property in question.

Evidence of voluntary sales of other lands in the vicinity, which are similarly situated, is admissible in condemnation actions to aid the jury in fixing the value of the tract to be condemned. (*Chicago and Western Indiana Railroad Co.* v. *Heidenreich,* 254 Ill. 231.) It is incumbent on the party offering such proof to show that the lands so sold meet the requirements of location and similarity. (*O'Hare* v. *Chicago, Madison and Northern Railroad Co.* 139 Ill. 151.) Evidence of sales of properties which are not shown to have been similar in location and character to the land to be condemned leads to an investigation of numerous collateral issues which tend to mislead a jury. It is seldom that two tracts of land are exactly alike but the rules of evidence make allowance for some dissimilarity, so long as it is kept within reasonable bounds. *Forest Preserve District* v. *Caraher,* 299 Ill. 11.

Appellants' expert witnesses were fixing values of the tract in question on a subdivision basis. They testified that it could be divided into small units of a half acre in each lot. They considered each of these tracts could be improved for residence purposes and parts of each unit devoted to the growing of fruit trees, flowers, garden truck, and the raising of poultry. There is no evidence that any part of it could be adapted to picnic grounds or any of the purposes to which the Skavich property was adapted. Under the circumstances of this case, there was such dissimilarity between the two tracts that the sale price of the Skavich property should not have been admitted. Having been erroneously admitted, appellants could not establish a similarity by deducting from the sale price estimated values

of those things which caused the dissimilarity. If the value of the buildings was deductible in this way, then estimates of values of other items could be shown and such procedure would lead the jury to an investigation of numerous collateral issues. Even though the sale price of the Skavich property was admissible and appellants' theory of deduction of value of improvements approved, the evidence offered would not be admissible for the reason there is nothing to show that the buildings on the Skavich property added anything to the value or furnished a consideration for any part of the sale price.

Appellants called one Newton B. Lauren as a witness. He owned real estate and at times had bought and sold various tracts. He testified his business was a real-estate broker. Some of the sales he had made as broker were located in the general area of appellants' property and, in qualifying him to express an opinion on the value of the tract being considered, he mentioned various tracts he had sold, one of which is referred to as the Summit property. The direct examination as to this property was restricted to questions related to his qualifications and no question was asked as to the price for which it was sold. On cross-examination, counsel for appellee propounded many questions which were proper, for the purpose of testing the extent and nature of the witness's real-estate transactions. In his cross-examination in reference to the Summit property, he asked the witness as to the price for which it was sold. A general objection was sustained. Later the same question was repeated and counsel for appellants objected on the ground the property was dissimilar to appellants' tract. Appellee's counsel then undertook to show that the tract being condemned and the Summit property were similar in some respects. The Summit property was seven or more miles from the tract being condemned. After an extended cross-examination on such point, the question as to the sale price was repeated. The objection then made

was that it was not proper cross-examination. The objection was sustained.

In his closing argument to the jury, appellee's counsel referred to the sales testified to by the witness Lauren. He said: "He did not tell you what they sold for, did he? Oh, no. Do you think that if the property had sold for a dime more than $200 an acre he would not have told you?" The court sustained an objection to such argument and advised counsel that the evidence in regard to the sale price had been held inadmissible. Counsel proceeded with the argument and said: "But he did not tell you of one single sale anywhere. If he had sold or that had sold for a dime over $200 an acre,—any acre, within 50 miles of this place, he would have told you." The court sustained another objection. Counsel continued: "Then we began to question him on Archer avenue property * * * And he testified about that sale that he had there. Did he tell you what it sold for?" The court sustained an objection to such argument. Appellants' counsel moved that a juror be withdrawn and a mistrial declared because of the improper and prejudicial type of argument. The motion was overruled.

Any questions asked for the purpose of showing the sale price of the Summit property were objectionable as not being proper cross-examination, and when the question was first propounded to the witness, the court was correct in sustaining appellants' general objection. Such ruling should have ended any effort to introduce such fact on cross-examination but, in disregard of the ruling, the question was repeated to gain the same information but couched in slightly different language and objection had to be sustained a second time. Objectionable as such conduct may be, it did not contain the vice that is present in counsel's repeated references in his closing argument to the failure of appellants' counsel and the witness to give the sale price of the Summit tract. With full knowledge

that the court had sustained objections to evidence of such fact, counsel made an argument from which the jury could well draw the inference that appellants were withholding evidence from the jury that would be an important factor in determining the compensation to be awarded for the land in question. In arguing a case to a jury, counsel are privileged to discuss the evidence introduced and all reasonable inferences that may be drawn therefrom, but they should not undertake to create a prejudice against the opposing party by arguing that if evidence which the court has held inadmissible had been admitted, it would have been adverse to the opposing party. Such conduct is beyond the scope of proper argument. (*Rost* v. *Noble & Co.* 316 Ill. 357; *Illinois Power and Light Corp.* v. *Lyon,* 311 Ill. 123.) Where the court sustains an objection to a statement of counsel, it is the duty of counsel to desist from further argument of that character. *Chicago North Shore and Milwaukee Railroad Co.* v. *Chicago Title and Trust Co.* 328 Ill. 610; *Bell* v. *McDonald,* 308 Ill. 329.

Appellee invokes the rule that counsel may comment on failure of opposite party to produce a witness or to produce evidence of a particular fact which is within his keeping. This is not that kind of case. The improper argument of counsel for appellee and his repeated attempt to present such matter to the jury requires a reversal and remandment of this cause for a new trial. Other errors have been assigned, but they are such as will not occur on a retrial.

For the reasons assigned, the judgment of the circuit court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Mr. JUSTICE WILSON, dissenting.